MEMORANDUM **
Defendant Jerry Rodriguez appeals the 120-month sentence imposed by the distinct court following Rodriguez’s guilty plea to one count of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine or more than 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
The district court’s estimate that Rodriguez obtained 7.95 kilograms of methamphetamine from co-conspirator Joseph Ponce over the course of the conspiracy (two ounces a week from June 2003 through April 2006) is supported “by a preponderance of the evidence through sufficiently reliable information” and appropriately “err[s] on the side caution.” United States v. Gonzalez, 528 F.3d 1207, 1214 (9th Cir.2008). The district court relied on Ponce’s testimony that he sold
*629 Rodriguez four ounces a week as the baseline for its calculation. See United States v. Alvarez, 358 F.3d 1194 (9th Cir.2004) (holding coeonspirator’s estimate of drug weight is sufficiently reliable if subject to cross-examination). The district court’s finding that Rodriguez’s one-ounce-a-month estimate was not reliable, because he had been minimizing his involvement in the conspiracy when he gave that estimate to law enforcement officers, is not clearly erroneous. The district therefore did not err in basing its estimation on Ponce’s reliable four-ounce-a-week estimate. See United States v. August, 86 F.3d 151, 154 (9th Cir.1996) (holding “the district court must err on the side of caution in choosing between two equally plausible estimates” (emphasis added)). The district court finalized its estimate by discounting Ponce’s estimate by 50 percent to account for the uncertainty in estimating drug quantities, see United States v. Culps, 300 F.3d 1069, 1081 (9th Cir.2002) (stating 50 percent reduction of baseline estimate will ordinarily “satisfy the district court’s duty to err on the side of caution, assuming the amount being discounted is founded on reliable evidence”), after recognizing the four-ounce-a-week estimate would have resulted in a higher sentence under the Guidelines, see United States v. Scheele, 231 F.3d 492, 499 (9th Cir.2000) (holding district courts must consider how margin of error in estimating drug quantity would affect sentence).
The 120-month sentence is objectively reasonable. The district court adequately explained why the 18 U.S.C. § 3553(a) sentencing factors supported this sentence, which was within the advisory Guideline range. See United States v. Carty, 520 F.3d 984, 992-93 (9th Cir.2008) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.